ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| State of Texas, *et al.*,<br><br>　　　　　　Petitioners,<br><br>　　v.<br><br>U.S. Environmental Protection Agency, *et al.*, [1]<br><br>　　　　　　Respondents. | No. 16-1078 and consolidated cases |

**EPA's Motion to Govern**

As required by the Court's May 1, 2017 order, EPA submits this motion to govern. Because the dispute is now moot, the Court should dismiss this case. Petitioner Southwestern Public Service Company and Intervenors Sierra Club and National Parks Conservation Association do not oppose EPA's motion. Petitioners Luminant Generation Company, LLC; Big Brown Power Company, LLC; Luminant Mining Company, LLC; Big Brown Lignite Company, LLC; Luminant Big Brown Mining Company, LLC; NRG Texas Power LLC; State of Texas; and Intervenor Texas Mining and Reclamation Association reserve their position on the

---

[1] Jane Nishida is substituted for Michael S. Regan under Fed. R. App. P. 43(c)(2).

motion and reserve the right to file a response within the time permitted by the Court's rules. Counsel for other parties did not respond to EPA's request for their positions.

At dispute is an EPA final rule (the Rule) that addresses various regional-haze requirements for the first planning period under the Clean Air Act. *See* "Approval and Promulgation of Implementation Plans; Texas and Oklahoma; Regional Haze State Implementation Plans; Interstate Visibility Transport State Implementation Plan to Address Pollution Affecting Visibility and Regional Haze; Federal Implementation Plan for Regional Haze," 81 Fed. Reg. 296 (Jan. 5, 2016). Petitioners' challenges revolve around EPA's disapprovals of portions of Texas's and Oklahoma's regional-haze plans for the first planning period and EPA's issuance of federal plans for the two states. EPA's approvals of portions of the states' plans are not disputed.

Petitions to review the Rule were filed both in this Circuit and the Fifth Circuit. In 2016 the Fifth Circuit denied a motion to dismiss the petition or to transfer it to this Circuit, concluding that both subject-matter jurisdiction and venue properly lie in that court. *Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016). Later, the Fifth Circuit granted EPA's motion for partial voluntary remand and put

the case in abeyance pending EPA's reconsideration of the Rule. Order, *Texas v. EPA*, Case No. 16-60118 (5th Cir. Mar. 22, 2017).

This Court then placed this case in abeyance and ordered the parties to file 120-day status reports. Order (May 1, 2017). The Court also ordered motions to govern "within 30 days of the disposition" of the Fifth Circuit petitions. *Id.* Since then, EPA has periodically reported the status of the reconsideration.

As EPA reported in its last status report, the agency recently learned that some of the documents that are part of the administrative record for the Rule are no longer in its possession. EPA's Status Report (Oct. 22. 2024). In addition, in May 2024, the Fifth Circuit issued a directive stating that it would take the case out of abeyance on September 3, 2024.

On that day, EPA moved, over opposition, for voluntary vacatur of the Rule's partial disapprovals and EPA's issuance of federal plans for Texas and Oklahoma. Respondents' Mot. for Voluntary Vacatur at 10, *Texas v. EPA*, Case No. 16-60118 (5th Cir. Sept. 3, 2024) (also noting that "EPA's partial approvals of the portions of the Texas and Oklahoma [plans] are not disputed and are not the subject of this motion."). In its motion, EPA explained that because key documents in the administrative record are no longer in its possession, the record

3

no longer contained information required by the Federal Rules of Appellate Procedure and the Clean Air Act. *Id.* at 12-17. Vacatur was thus warranted. *Id.*

The Fifth Circuit agreed. It "GRANTED" EPA's "opposed motion to vacate agency actions…." Published Order, *Texas v. EPA*, Case No. 16-60118 (5th Cir. Dec. 17, 2024) (stating that "EPA's Final Rule is VACATED").

Because the Fifth Circuit's grant of EPA's motion vacated the Rule's disapprovals and EPA's issuance of federal plans for Texas and Oklahoma—the only portions of the Rule that Petitioners challenge—there is no longer a live dispute in this case. The Court should thus dismiss this case as moot.

Submitted on January 16, 2025.

                                                 */s/ Sue Chen*
                                               Sue Chen
                                               U.S. Department of Justice
                                               Environment & Natural Resources Division
                                               Environmental Defense Section
                                               P.O. Box 7611
                                               Washington, D.C. 20044
                                               202.305.0283
                                               Sue.Chen@usdoj.gov

**Certificates of Service and Compliance**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 629 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on January 16, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each represented party.

                                                  */s/ Sue Chen*
                                                  Sue Chen