# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **State of Texas,** *et al.*, )<br>)<br>*Petitioners*, )<br>)<br>v. )<br>)<br>**United States Environmental Protection Agency,** *et al.*, )<br>)<br>*Respondents*. ) | Case No. 16-1078 (and consolidated cases) |

## PETITIONERS' AND PETITIONER-INTERVENOR'S RESPONSE IN OPPOSITION TO EPA'S MOTION TO GOVERN

Petitioners the State of Texas; Texas Commission on Environmental Quality; Public Utility Commission of Texas; Luminant Generation Company LLC; Big Brown Power Company LLC; Luminant Mining Company LLC; Big Brown Lignite Company LLC; Luminant Big Brown Mining Company LLC; Coleto Creek Power, LLC; NRG Texas Power LLC; and Petitioner-Intervenor Texas Mining and Reclamation Association (collectively, "Petitioners") respectfully submit this response in opposition to EPA's January 16, 2025 motion to govern.

Petitioners do not dispute that, in all likelihood, the Court should ultimately dismiss the protective-only petitions for review in this case because the U.S. Court of Appeals for the Fifth Circuit has vacated the regulations at issue. However, EPA's

1

motion to govern is premature because the Fifth Circuit proceedings are not yet final. Thus, EPA's motion should be denied or, in the alternative, the Court's ruling on the motion to govern should be postponed until the mandate is issued by the Fifth Circuit.

This case concerns Petitioners' protective-only petitions for review of EPA's final rule implementing regional haze requirements for the first planning period for Texas and Oklahoma. *See* 81 Fed. Reg. 296 (Jan. 5, 2016) (the "Final Rule"). On March 1, 2016, Petitioners filed petitions for review of EPA's Final Rule in the Fifth Circuit Court of Appeals. Petitioners also filed protective petitions in this Court on March 4, 2016, in order to preserve their right to judicial review because EPA took the position that venue for review of the Final Rule was only appropriate in this Court. *See* 81 Fed. Reg. at 345-6.

On July 15, 2016, the Fifth Circuit issued a decision denying EPA's motion to dismiss or transfer the petitions for review to this Court, confirming jurisdiction and venue is proper in the Fifth Circuit. *See Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016). As a result, this case was held in abeyance on May 1, 2017, and the Court directed the parties to file motions to govern "within 30 days of the disposition by the United States Court of Appeals for the Fifth Circuit of the petitions for review." Doc. 1673454.

On December 17, 2024, the Fifth Circuit issued a published opinion granting the petitions for review and vacating the Final Rule, finding it to be arbitrary and capricious. *Texas v. EPA*, No. 16-60118, Doc. 484 (5th Cir. Dec. 17, 2024). However, the Fifth Circuit has not yet issued the mandate following its opinion vacating the Final Rule. *See* Fed. R. App. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later."). The Fifth Circuit's docket entry for the opinion directs that the mandate will issue on February 10, 2025. *Texas v. EPA*, No. 16-60018, Doc. 484 (5th Cir. Dec. 17, 2024) (docket text). Therefore, the Fifth Circuit case is not yet final, and is subject to rehearing in the Fifth Circuit. *See* Fed. R. App. P. 40(d) (allowing United States agencies 45 days after entry of judgment to file a petition for rehearing); *see also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (the "court's decisions are not final until we issue a mandate" (internal quotation marks and citations omitted)). Because the Fifth Circuit has not yet issued the mandate in *Texas v. EPA*, EPA's motion to govern is premature.

Accordingly, Petitioners respectfully request the Court deny EPA's motion to govern and direct the parties to file motions to govern within 30 days of the Fifth Circuit's issuance of the mandate in *Texas v. EPA*, in accordance with the Court's

3

original May 1, 2017 Order. In the alternative, Petitioners request the Court delay ruling on EPA's motion to govern until after the Fifth Circuit mandate is issued. Only after the Fifth Circuit's mandate has issued will this case become moot and subject to dismissal.

Dated: January 27, 2025

Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
(205) 251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Managing Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, Big Brown Lignite Company LLC, Luminant Big Brown Mining Company LLC, and Coleto Creek Power, LLC*

4

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>AARON NIELSON<br>Solicitor General<br><br>s/ Cameron Fraser<br>CAMERON FRASER<br>Assistant Solicitor General<br>Office of the Texas Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711<br>(512) 936-1700 (phone)<br>(512) 474-2697 (fax)<br>Cameron.Fraser@oag.texas.gov<br><br>*Counsel for the State of Texas, Texas Commission on Environmental Quality, and Public Utility Commission of Texas* | s/ Michael J. Nasi<br>Michael J. Nasi<br>Danica L. Milios<br>JACKSON WALKER L.L.P.<br>100 Congress Avenue, Suite 1100<br>Austin, Texas 78701<br>(512) 236-2000 (phone)<br>(512) 236-2002 (facsimile)<br>mnasi@jw.com<br>dmilios@jw.com<br><br>*Counsel for the Texas Mining and Reclamation Association* |
| s/ Aaron M. Streett<br>Aaron M. Streett<br>Matthew L. Kuryla<br>BAKER BOTTS L.L.P.<br>910 Louisiana St.<br>Houston, Texas 77002<br>(713) 229-1234<br>aaron.streett@bakerbotts.com<br>matthew.kuryla@bakerbotts.com<br><br>*Counsel for NRG Texas Power LLC* | |

5

# **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this document complies with Fed. R. App. P. 27(d)(2)(A) because it contains 664 words, excluding the parts exempted by Fed. R. App. P. 32(f). This document complies with typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: January 27, 2025

s/ P. Stephen Gidiere III
P. Stephen Gidiere III

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of January 2025, a copy of the foregoing document was served electronically through the Court's CM/ECF system on all registered counsel.

Dated: January 27, 2025

s/ P. Stephen Gidiere III  
P. Stephen Gidiere III